Good morning, Your Honors. My name is Robert Warshaw, music peeler in Garrett, representing the appellant Pinpoint Holdings, Inc. My understanding is that the Court has allocated 15 minutes of time for oral argument by each party. I'd like to reserve 4 minutes of my time. You may do so, but just watch the clock. I will do that. Thank you very much, Your Honor. Under California law, the Worker's Compensation Scheme provides a comprehensive scheme and an exclusive remedy for claims to be asserted against an employer relating to workplace injuries. The policies underlying that, the purposes underlying that exclusivity are really twofold. One is to protect the employee, and the other is to protect the employer. So there's really absolute liability in favor of the employee, and yet on balance, then, is provided with limitations or bars to other claims to be asserted against that employer. And that brings us to Labor Code Section 3864, which is part of that comprehensive scheme. That code section operates to bar indemnity claims against the employer related to workplace injuries, subject to an exception that's carved out in that rule. And the exception is, the indemnity has to be expressed, it has to be in writing, and it has to be executed. And that's the first point of contention where the rubber hits the road, if you will, in this case, because there's a dispute about what constitutes execution under that statute. Kennedy, it seems a little counterintuitive. What would the legislative intent have been to require that? So often we start with the general rule that as long as there's performance, we don't really care whether the document is signed or not. Yes, Your Honor. I think the scheme related to the workers' compensation law is so extensive and there is a desire to carry out the purposes behind that statute that if, in fact, we're going to have an exception to that rule, the legislature decided we want to make absolutely certain that the exception is justified, is appropriate, and is documented, and then simply just included in that requirement, the rather simple requirement, that a party execute the document if they want it to be enforced. So there's several California cases indicating that both parties have to sign, but The district court relied on Delcons and there was a circuit split, or I guess a split in the California appellate. What should we do about Delcon, in other words? Well, I think the cases that we've cited, the Hanson Mechanicals case and the Nielsen case, which I think Your Honor is referring to, are on point. The Delcon case is not on point. And the statement in that case, I acknowledge that there is a statement in that case that under this Labor Code section, signature of the party to be charged may be adequate to satisfy the statute. But that issue wasn't before the court in Delcon. And so the statement to that effect is dicta. It has no presidential effect. And particularly when it is contrasted with Nielsen and Hanson Mechanical, which are factually on point, in both of those cases, the party who had signed the document, the indemnitore, the party to be charged, had in fact signed the document. In both of those cases, the indemnitee, the party seeking to enforce the agreement, had not signed the document. And in both of those cases, the court analyzed the statute, underlying interpretation, principles, and so forth, and concluded that the statute required execution by all parties. So to come back around to answer your question, Your Honor, I think that Delcon does not actually create a conflict. You have binding presidential authority in two published decisions, and then dicta in another case, which ultimately, you know, our position is that the two published cases on point govern and require that the an agreement to be enforceable under Section 3864 has to be signed by both parties. Now, what about the argument that these are in effect signed it because its letterhead or its name is on the purchase order? And on this, so what we have is a denial, it's an appeal of a denial of summary judgment, correct? Correct. And so it wasn't clear to me whether that issue had been waived below or whether we, you know, how we could even address that issue. But I'd like to hear you talk about both the merits and procedurally, whether that's properly before us. Let me begin procedurally. The issue of whether printed material on the invoice constitutes a signature was not raised at the district court level. It was not raised in the motion papers. It was not raised in the opposition papers. It was not raised in the declarations in opposition to the motion for summary judgment reply or the court's order. So it's an entirely new issue, and certainly Appellant's position is that it shouldn't be considered for the first time on appeal. So it was waived, I guess, if it wasn't raised at all, but we can affirm the district court on any basis supported in the record. So it would be, we'd be affirming, if we went that way, it would be affirming the denial of summary judgment. So we would have to say there was a genuine issue of material fact about the intent of having Beezer's name on the invoice. Is there information in the record that would raise that sort of genuine issue? Well, I think the primary question in determining under the case law, in determining whether printed material constitutes a signature, is the intent of the party. Did the party intend by that letterhead or logo to put it forth as a signature, to adopt it as a signature? The question of intent is typically one of fact, and so I think there is a question of fact, but the problem there, I don't think that that justifies affirming the lower court. I think what that does is it demonstrates that the issue is not properly considered by this Court, because it's twofold. One, it was waived. Two, if we were to try to bring this with an exception and say it presents purely a question of law, the fact is it doesn't. It involves factual questions. And there is prejudice to my client. My client had propounded discovery, which asked for all facts supporting the express indemnity claim. That's reflected at page 183 of the record, volume 1, page 183. The response was very sparse, recited only the terms of the agreement, and then did not in any way indicate that there were facts or arguments to be made about the nature of printed material on the document. So the factual record below hasn't been developed. So for the issue to now be raised for the first time on appeal, absolutely prejudicial to my client, and certainly the case law says it's not appropriate for the Court to consider that issue for the first time on appeal. Now, to the extent that you want to talk about the merits of that argument, if the Court were to consider it, the Respondent relies on two cases for this issue. One is Marks and the other is the Donovan case. The Marks case did contain language that said printed material may constitute a signature, and then went on to say it's a question of intent. That Court ultimately concluded that the document in that case contained terms of a settlement, had letterhead for the party to be charged, but the Court said there is inadequate evidence of intent and found that that document did not constitute  That letterhead did not constitute a signature. So the Marks case simply stands for a general proposition. It does not support the Respondent's position. In terms of oh, what other point? The underlying motion for summary judgment, the principal for Respondent, Frank Veser, submitted a declaration in opposition to that motion. And in that declaration, he recited that the particular invoice material, the signature in our case, had been prepared by him. He recited that it had been signed by the principal of my client. Nowhere in that document did he assert that printed material on the document was intended to be a signature. Nowhere did he recite and present that argument. And obviously, if that was in fact his intention, and if that was the case, he certainly would have done so. You would expect logically he would have done that. The issue on the motion for summary judgment plainly set forth that the document was not enforceable because it was not signed by Respondent. If, in fact, he had that intent, it would have been very simple for him to set that forth in his declaration. Our contention is the reason that he didn't do that is because that wasn't his intent. So if we were to agree with you as to the issue that it needed to have the two signatures and send this back, at that point, could your opposition suggest that he did sign? I mean, it seems to me that what we have in front of us is we have an issue of whether there has to be two signatures or not. And it seems to me that's the only thing that was argued below. And so if I say, I mean, if we were to say, and I don't know what my colleagues are going to do because I haven't talked to them about it, but if we were to say, you've got to have two signatures. Hanson Mechanical is in charge, and you've got to have two signatures. And so we affirm this, or we reverse what the district court's done. We'll send it back. Does my, does your opposition get the chance then to say, well, we do have two signatures? I don't believe that would be appropriate. Well, isn't that for the district court to determine? I mean, if in fact it wasn't raised below and it now goes back, don't you think that at that point the district court has in front of it the opinion that it's got to be two signatures before it was an argument about whether it was one or two? And now district court will know it's got to have two. Then at that point, it seems that it would be perfectly obvious for your opposition to say, well, there were two. I think the answer is that for purposes of the appeal, the argument's waived and can't be presented. I understand. If it's waived then on appeal, that would read, again, that was going to be my second question. That enforces the idea that going back, it can be asserted. Right. Well, appellant's position is that the issue before the Court is not just simply whether to reverse the underlying denial of summary judgment, but based on the facts in the record, the appellant is entitled to summary judgment in its favor. And that the argument that I guess the question again is, it seems to me that I addressed the summary judgment before me. The summary judgment before me seems to be that the purchase order was not valid as a matter of law because there weren't two signatures. If I address that issue, which is the only issue before me, I'm having a tough time understanding how I can then get to the point that, and based on this record, you don't have two, because nobody argued that below. Correct. So does that mean we would have to affirm the district court on different grounds? In other words, all we have before us is a denial of a summary judgment. So if we reversed, we're saying district court, you erred in not granting summary judgment. Correct. So in order to give, to just say correct the legal error, we would have to affirm and say nevertheless, there was a genuine issue of material fact. Is that correct? I'm a little we rarely get a denial of a summary judgment except in the qualified immunity context. So I'm a little confused about the procedural posture. Right. And to the extent that I'm able to shed light on that, I'm trying to do that. I think as a practical matter, I've already said, I think the first point is that what we're seeking is actually to have the summary judgment reversed and granted in my client's favor. Can we do that at this level, at this stage? I do think you can based on the record, because the record demonstrates what the facts and evidence were before the court, and other arguments that have now been are waived. So the record before you presents the issue of whether this particular agreement contains two signatures as required by the law, or whether it has some other indicia that satisfy that. But it seems, but I mean, Judge Ikuda is going after the same thing I am. It seems a little uneasy for me to say, okay, I'm going to say you need two signatures, and I'm also going to say nobody talked about the fact that they had the chance to have their name on there, and it's a factual issue, so I don't want to determine that here, and yet say, oh, there's plenty enough for me to issue summary judgment. And I understand your reservation. My point is there is adequate information based on the record that is before you to reverse the trial court ruling and grant summary judgment. If, in fact, the case were to go back down to the district court for further proceedings, which I don't think is necessary or appropriate, then the issue could be joined. I would point out part of my argument was that these issues were not only not raised in the trial court, they were not disclosed in the course of discovery in the underlying case, and discovery in the underlying case is closed. We've long since completed all of our discovery. But the district court didn't say anything about that, and the district court has the right to say when it's disclosed and when it isn't. I mean, the district court, if I were to suggest that this case needs two signatures, the district court would have full opportunity to open discovery again. That's correct, Your Honor. So what I meant to say was that the district court would have full opportunity to open discovery again. No, I simply meant to indicate that discovery had passed, the discovery deadline had passed per the court's underlying order. Okay. It seems to me, though, that in order to allow the parties to make this additional argument, if that's what we decided to do, we would have to affirm the district court and say that because otherwise if we reverse the district court, we're saying district court, you erred in not granting summary judgment. So if we affirm the district court, we would say we would correct the legal error if we agree that there was a legal error, and then say, yet, you were correct to deny summary judgment because there remains a genuine issue of material fact. So my questions were, does there remain a genuine issue of material fact? Well, that isn't clear to me because the issue wasn't presented below, and I don't know if whether there would be an issue of fact about that. So the other side did not present another issue of material fact other than this legal issue about two signatures. Yes. That was the only argument that was joined in the underlying case. My appellant's position would be that if the Court concludes that two signatures are required, I don't think affirmance of the underlying ruling is appropriate. I think reversal is appropriate. If the Court then ordered further proceedings related to these issues, again, I don't think that's necessarily appropriate, but I can certainly understand how that might be the course of action the Court would take. Roberts. Counsel, our questions have taken you way over time, so thank you very much. Thank you very much, Your Honor. We'll now hear from the other side. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. The main argument I would like to put before you is that the Court in Nielsen and its progeny premised its holding on an incorrect view of the statute. For example, what I'm talking about is in Nielsen, the Court said, and I quote, the language of Section 3864 clearly requires execution of the written agreement, i.e., signatures of all parties before the injury. I would submit to you that's incorrect, because if you look at Section 3864, it doesn't clearly require signature of all parties simply because it's not what it says. But if I adopt that, I'm really saying the California Court doesn't know what its own statute says, and I'm having a tough time suggesting that I know better what California law is than that Court. Your Honor, you have to rely on the Supreme Court's holding. Well, I understand I'm relying on a Supreme Court holding, but it seems to me that the California Supreme Court and the California Supreme Court in Nielsen are pretty clear, and the only time I can get around them is to say that they're somehow wrong, and I can't find it in DelCon. I agree, Your Honor. You have to say that their interpretation of the statute is wrong. Well, we have to say that the California Supreme Court would find that that was wrong. And so what is the California Supreme Court case that indicates to us that the majority of the California appellate court's interpretation of the statute is wrong? Forgive me, Your Honor. Judge Cudas. Gonzales v. Sarnshteyn. Which one? Judge Cudas does better than I do because she's got it dead on. The only case I've got that would help you is DelCon, and I said you can't go there. So help me by helping her, because I don't know what you'd say that the California Supreme Court would naturally go differently. Counsel, you were about to give us a citation. On page 12 of the appellee's brief, Gonzales v. Orr, J. Novak, where the Supreme Court is talking about the objective of Section 3864 as the only purpose of that statute was to abolish the right of implied indemnity, so that an employer cannot be held liable by implication, well, where the employer signs the agreement, the objective is satisfied. It's plain. But that is not in this kind of a context. That's in a different contractual context, and we're not in that kind of a context. As your able opponent has suggested, we're talking about, in fact, a workers' compensation statute and a workers' compensation complex of statutes, and having worked in the area in Idaho, this is one where the Supreme Court had to say, no, you cannot be liable. And we didn't find it based on contract law. It had to do with the policy of the court, and at this point, I only have two California appellate decisions suggesting what that is. I understand, Your Honor. Roberts, well, now, does Gonzales tell us anything about DelCon, or how would you apply Gonzales to the DelCon case? DelCon essentially said, if I remember correctly, that it was just the employer's the proposed indemnitory signature that was required. That was that court's view of the statute. I know this Court is going to have a problem, because you have two appellate court cases, Nielsen and Hansen and J.N. Poitnetson. You're going one way, DelCon goes the other. Yes. Yes. Well, DelCon But I'm trying to connect it back up to the thrust of your argument. You're telling us to take guidance from Gonzales, which is a Supreme Court case. Only insofar as the objective of the statute is concerned, because if the objective of the statute is clear, then its interpretation Let me backtrack. When you look at the statute, I have to say that when I look at it, it's not clear what execute means. Does it mean executed by everyone that appears in the face of the agreement, or does it mean executed just by the party to be charged? It's not clear because the statute doesn't say one way or the other. That's my position. The Nielsen Court and Hansen and J.M. Equipment, all its progeny, looked at that statute, looked at Black's Law Dictionary, which to me is an indication that the Court couldn't just look at the statute and say it's clear that all signatures are required, because those words are not in the statute. So it had to go to Black's Law Dictionary and review the meaning of the word executed, where Black's Law Dictionary was premising its definition on wills or deeds and saying all formalities have to be satisfied, where, of course, depending on the instrument, a will or a deed or a contract, will determine whether all parties have to sign. I'm saying that the reasoning in Nielsen is flawed. There's no way around it. Do you want to say anything about the letterhead issue? Your Honor, I know it wasn't raised in the court below. We weren't the law firm in the court below. And is there anything in the record that raises that issue? I think the purchase order itself, the agreement, the contract that was signed. Okay. Other than the purchase order itself that has a letterhead on it, is there any argument, is there any indication of intent, is there anything that would create a factual issue? There's no argument in the lower court briefs, but there was a declaration from Mr. Wieser saying that he prepared the agreement and he delivered it to Pinpoint for signature. So opposing counsel said, but he didn't say, and I intended the letterhead to be my signature. Your Honor, think of this as a picture. Someone prepares an agreement and literally delivers it to the other side for his signature. The agreement says, this agreement is an offer to buy your services. Once you accept this agreement, and your acceptance of this agreement can be by the signature or performance. I understand this is argumentation. What I'm asking is, is there anything other than the document itself that would create a factual issue about intent? I would say the mere fact that Wieser hand-delivered the document to Pinpoint is an indication that it was authenticating the document. Okay. That's all the signature is for, is to authenticate the document. Well, how much more of an authentication do you need than the party itself delivering the contract to the other party to be? So getting to the procedural question, what we have is a denial of summary judgment before us. And so it seems to me if we reverse the district court, we would be saying that it should have entered summary judgment. And so if our view was the district court made a legal error, but we are not, we think there's still a genuine issue of material fact, then we would affirm the district court, or what's the procedural posture, assuming that we would decide that there was a legal error made by the district court? I would say affirm on different grounds, modifying the order to send it back for a determination of the issue. So if we affirmed, we say the district court was correct in denying summary judgment because there's a genuine issue of material fact about the two signatures issue. Is that? And unlike my adversary, I do not admit that that issue was waived. As far as I know, the only requirement is to deny the validity of a signature. You don't have to. Well, you didn't raise it to the district court and it wasn't part of your summary judgment argument. That's true. So I don't know how it could not be waived in that sense. That's true. I'm talking about the litigation as a total. I have the same concern. My, my, my, my, my point was that unless the only requirement that I'm aware of is to deny the validity of a signature, where a signature appears on a document and you're going to claim it's not your signature, you have an affirmative obligation to say it at the outset. It's not the other way around. You don't have to affirm it, especially if you're alleging the validity of the contract. It's presupposed that that contract has been duly executed, whether by physical handwriting it or by stamping your name on it. Anything further, counsel? No, Your Honor. Thank you very much. The case just argued will be submitted for decision and the court will adjourn.
judges: O'scannlain, Ikuta, N.R. Smith